Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EXPRESS FREIGHT SYSTEMS INC., | **Case: 2:19-cv-12001-SDW-LDW** |
| *Plaintiff,* | |
| - against - | |
| YMB ENTERPRISES INC., JOEL MENDLOVIC, JOHN DOES 1-10 and ABC CORPS. 1-10 (said names being fictitious), | |
| *Defendants.* | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION**

Defendants, YMB Enterprises Inc. ("YMB") and Joel Mendlovic ("Joel"), (collectively "Defendants") move to dismiss the complaint pursuant to FRCP 12(b)(1)-(2) for the absence of jurisdiction, and pursuant to FRCP 12(b)(5) for the failure to serve;; and for such other and further relief in favor of this motion including alternative relief pursuant to FRCP to 12(b)(3) to transfer this case to the venue where Defendants are domiciled either in the United States District Court for the Eastern District of New York or to the Supreme Court of New York, County of Kings.

## NATURE OF THE CASE

The Complaint was filed on May 1, 2019. On its face the Complaint, which attempts to invoke diversity jurisdiction, may not move forward before this Court. The question of jurisdiction may be raised at any time. Dismissal is appropriate when there are defects in jurisdiction.

The contract, which is not attached to the complaint, a true copy of which is produced as **Exhibit A**, and was executed by the parties as of July 26, 2018. The complaint alleges, "Defendant agreed to transport freight for various customers of Plaintiff based on agreements Plaintiff brokered with such customers." (ECF 1 ¶ 5). "The Contract prohibits Defendant from soliciting or doing business with any of Plaintiff's customers serviced by Defendant under the Contract." (ECF 1 ¶ 6).

The complaint alleges that "In or around the end of July 2018, Plaintiff arranged for Defendant to transport a load of freight originating with Plaintiff's customer, Furmano Foods ("Furmano"), located in Northumberland, Pennsylvania." (ECF 1 ¶ 9). As a plea for a remedy, Plaintiff asserts six causes of action as a legal theory under New Jersey law.

The problem here, the complaint acknowledges that Defendants are residents of Brooklyn New York without any ties to the State of New Jersey. (ECF 1 ¶¶ 2-3). The complaint has no nexus to the State of New Jersey other than Plaintiff's residence.  (ECF 1 ¶ Jurisdiction). The complaint also does not show any contract or agreement it had with Furmano to infer the amount of damages or relationship

with the State of New Jersey. The complaint is simply bereft of any relationship to the State of New Jersey.

### ARGUMENTS

### I. THE COMPLAINT CONFERS NO JURISDICTION AND TO THE LEAST IS IN THE IMPROPER VENUE

The Complaint alleges that Defendants who are residents of the State of New York arranged services with Plaintiff's customer located in Northumberland, Pennsylvania. (ECF ¶ 9). "It appears Defendant's sole contact with New Jersey is with Plaintiff. This is not 'continuous and systematic' but limited and focused. Thus, this Court may only assert personal jurisdiction over Defendant if it finds specific jurisdiction." *Trinity Packaging Supply, Llc*, v. *Countrywide Pallet, Inc. D/B/A Select Pallet*, No. CV 18-16115 (NLH/JS), 2019 WL 2611101, at *3 (D.N.J. June 26, 2019).

There is not a single act alleged to have any direct nexus with the "forum" New Jersey; (*Id* at 4). The alleged facts are void from any events that occurred or accrued inside the State of New Jersey. "[A] contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts, in considering whether specific jurisdiction exists." *Id* at *5.

The plain language of 28 U.S.C. §§ 1332, 1391(b)-(c) do not allow diversity simply on the basis that only Plaintiff resides in that district; see *Al-Ghena Int'l*

*Corp. v. Radwan*, 957 F. Supp. 2d 511, 519–20 (D.N.J. 2013) ("venue would be proper in a judicial district where any defendant resides . . . The Plaintiffs' residence is irrelevant to that inquiry").

The case thus must be dismissed, and in the alternative by transferred to the Federal Court in Brooklyn, NY, which is the Eastern District of New York.

## II. THE ALLEGED AMOUNT IN CONTROVERSY IS BELOW THE STATUTORY REQUIREMENT AND THERE IS NO ALLEGATION TO ALLOW AN INFERENCE THAT SUCH MINIMUM CAN BE SATISFIED

The Complaint as alleged is below the prerequisite of amount in controversy for purposes of fulfilling diversity jurisdiction in any federal court. The Plaintiff alleges that on average they earned $15,000 per month through its relationship with Furmano.[1] (ECF 1 ¶ 10). Plaintiff also alleges that the contract which was signed on July 26, 2018 was breached by the end of July 2018. (ECF ¶ 5, 9). In other words, the amount of $15,000 per month is too remote to accurately plead damages for $75,000 exclusive costs and interests.

"As the parties asserting diversity jurisdiction, …. bear the burden of proving diversity of citizenship by a preponderance of the evidence." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017). There is no allegation in the

---

[1] Besides, that allegation is false. The validity of that allegation is relevant to the extent of entangling the federal courts with the jurisdiction of this matter.

Complaint giving rise to a presumption that the amount in controversy could ever be satisfied, either through discovery or under an objective assumption that Plaintiff has suffered so badly to impute such amount through a jury trial.

Notably, Defendants have filed a pre-motion letter with the Court (ECF 10) to afford Plaintiff the advance opportunity to cure the defects in its complaint in an effort to avoid the motion practice. Plaintiff has shown no interest in advancing more factual allegations upon which the defect in diversity jurisdiction can be cured.

The case thus must be dismissed, since the amount in controversy does not belong in Federal Court.

### III. DEFENDANTS HAVE NO MINIMUM CONTACTS WITH NEW JERSEY

Nothing in the Complaint alleges a minimal contact between Defendants and the State of New Jersey, yet Plaintiff proposes several causes of action on the basis that New Jersey law was violated.

Without the claims having contact with the State of New Jersey, Plaintiff's claims run afoul with due process of Defendants; see *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 881 (3d Cir. 1981), aff'd sub nom. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).

The case thus must be dismissed, and in the alternative by transferred to the Federal Court in Brooklyn, NY, which is the Eastern District of New York.

### IV. THE COURT LACKS JURISDICTION BECAUSE THE DEFENDANTS WERE NEVER SERVED

Service on Defendants is defective and void for multiple reasons. Plaintiff did not follow FRCP 4(e), (h) and Plaintiff did not follow State law when attempting to preform service. The affidavits of service incorrectly assert that service of process was in compliance with "state statutes," (ECF 6, 7), which presumably would be an exercise of FRCP 4(e)(1). Because Defendants are New York residents, New York statutes apply.

The purported affidavit of service alleges to have served Joel by substitute service via delivery to Zevy Katz but fails to indicate that service was also accomplished by mailing. In exercising substitute service, under N.Y. C.P.L.R. 308(b) the process server was required to mail such service to the Defendants address in addition to the purported delivery on Zevy Katz. Besides, 563 Flushing Avenue, Brooklyn NY, 11206 (ECF 6, 7), is not a place of adobe or residence of Joel Mendlovic, a core requirement for substitute service. See attached affirmation of Joel. Indeed, even the complaint alleges that Joel's residence is not at 563 Flushing Avenue (ECF 1 ¶ 3).

Another issue, under N.Y. C.P.L.R. 308(b) the Plaintiff was required to file such proof of service within twenty (20) days, which in this case did not happen until much later. "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308." *Indymac Fed. Bank, FSB v. Jones*, 99 N.Y.S.3d 419, 420 (N.Y. App. Div. 2019). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void." *Id*.

The same applies to the claim that YMB was served via "agent/authorized agent"; the purported service failed to comply with FRCP(h)(1)(B), which requires mailing a copy to YMB and that did not occur.

Plaintiff also did not satisfy the requirements of N.Y. C.P.L.R 311 or B.C.L. 306 by either service on the Secretary of State or at the registered office address, especially since YMB is designated and address for service of process at 199 Lee Avenue, Brooklyn, NY 11211 and the residence of Joel is 282 Wallabout Street, 1-B, Brooklyn, NY 11201 (see, **Exhibit B,** a true copy of the New York State Department of State Entity information of YMB and the address of Joel and see the Affirmation of Joel). Meanwhile, the affidavits of service purport to have served the Defendants at 563 Flushing Avenue, Brooklyn NY, 11206 (ECF 6, 7), a place that is not YMB's registered place of business for YMB and is not the residence of

Joel Mendlovic. The contract between the parties does not designate 563 Flushing Avenue as place for contact with YMB. (See, Exhibit A, the contract between the parties).

Further, in its conflicting "affidavits of service" (ECF 6, 7), the process server claims that in the same minute, i.e. May 9, 2019 at "1:42 pm," service was made upon Joel by substitute service via delivery to Zevy Katz and upon YMB via delivery to Joel Mendlovic. Also, the process server offers the identical purported description for both Joel and Zevy Katz "Age: 30+, Sex: M, Race/Skin Color: WHITE, Height: 5'7", Weight: 170, Hair: BROWN, Glasses: Y." The paradox of the affidavits of service simply lack the requisite presumption of genuineness when being so conflicted with each other.

Besides, that the "process server" is not licensed by the City of New York; see New York City, N.Y., Code § 20-406.3, *New York State Prof'l Process Servers Ass'n, Inc. v. City of New York*, No. 14 CIV. 1266 DLC, 2014 WL 4160127, at *7 (S.D.N.Y. Aug. 18, 2014), aff'd sub nom. *Clarke v. de Blasio*, 604 F. App'x 31 (2d Cir. 2015). Perhaps this explains the faulty attempts at service. Notably, it is black letter law that notice is not service.

In the absence of anything bringing Defendants into the personal jurisdiction of this Court, the Court must dismiss this action, in the alternative is to transfer this

Page 8

case to the Eastern District of New York where Defendants are situated, as well as grant such and further relief necessary as appropriate under the circumstances.

## CONCLUSION

**WHEREFORE** Defendants request that the Court enter an order granting the motion to dismiss to dismiss the complaint, and granting to Defendants such other and further relief including in the alternative transferring this case to the Federal Court in Brooklyn, NY, which is the United States District Court for the Eastern District of New York or to the Supreme Court of New York, County of Kings.

Dated: Valley Stream, NY
July 26, 2019

                                        Respectfully submitted,
                                      Law Offices of Lawrence Katz,

                                      /s/ Lawrence Katz
                                      By:   Lawrence Katz, Esq.

                                      *Attorneys for Defendants*