Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EXPRESS FREIGHT SYSTEMS INC., | **Case: 2:19-cv-12001-SDW-LDW** |
| *Plaintiff,* | |
| - against - | |
| YMB ENTERPRISES INC., JOEL MENDLOVIC, JOHN DOES 1-10 and ABC CORPS. 1-10 (said names being fictitious), | |
| *Defendants.* | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION**

Plaintiff, EXPRESS FREIGHT SYSTEMS INC. ("Plaintiff") filed an opposition to Defendants YMB Enterprises Inc. ("YMB") and Joel Mendlovic ("Joel"), (collectively "Defendants") motion to dismiss the complaint for the absence of jurisdiction, and pursuant to FRCP 12(b)(5) for the failure to serve and in the alternative relief pursuant to FRCP to 12(b)(3) to transfer this case to the venue where Defendants are domiciled either in the United States District Court for the Eastern District of New York or to the Supreme Court of New York for King (Brooklyn) County. This is Defendants reply.

Page 1

## I. PLAINTIFF CONFIRMS THAT THE COURT LACKS THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION

To follow the factual allegations provided by Plaintiff in its opposition, Plaintiff provides approximately eight "dispatch" confirmations, that were issued to YMB, and each dispatch is an order with a rate of $1,100. (ECF 16 at Exhibit B). Basic metaethics, of which the Court can take judicial notice, results $8,800 (1,100 x 8).

Now taking a step further, the complaint alleges that Plaintiff contracted YMB on July 26, 2018 and by the end of July 2018 the contract was breached, and Plaintiff allegedly lost the account of Furmano Foods ("Furmano"). (ECF 1 ¶¶ 5, 9). Ironically, the aforementioned eight dispatch notices are dated from July 26, 2018 throughout mid-October 2018, a stretch of about 3 months. None of the Plaintiff's exhibits calculate to losing $15,000/month worth of business to invoke diversity jurisdiction of the $75,000 threshold.

Also absent from Plaintiff's opposition is any articulable basis that Furmano allegedly stopped doing business with Plaintiff altogether to have resulted in the injury of $15,000/month. For the sake of assuming Plaintiff's argument in light of most favorable, the fact that Furmano accounts only yielded eight transaction of $1,100 of three months makes the $15,000/month allegation too remote and speculative. This speculation is best summarized in Plaintiff's own words,

"Plaintiff was expected to earn approximately $15,000.00 each month from Furrnano for years to come had Defendants not interfered with Plaintiff s relationship with Furrnano." (ECF 18 p. 2)

Article III jurisdiction requires a concrete injury, not speculative on some estimate of projected damages. On Diversity jurisdiction, "the court may still insist that the jurisdictional facts be established or the case be dismissed ... the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 289 (3d Cir. 2006). The allegation that Plaintiff might have lost $15,000 per month for years to come cannot be established by a preponderance of the evidence.

## II. PLAINTIFF CONFIRMS THAT DEFENDANTS HAVE NO MINIMUM CONTACT WITH NEW JERSEY. THUS, DIVERSITY ON CAUSES OF ACTION UNDER NEW JERSEY LEGAL THEORIES ARE INAPPROPRIATE. IF DIVERSITY CAN SOMEHOW EXIST, THE CASE BELONGS IN THE EASTERN DISTRICT OF NEW YORK, NOT NEW JERSEY.

Plaintiff's entire nexus for diversity jurisdiction is hooked on Defendants "travels" through New Jersey and that Defendants website offers to do deliveries in the "tri-state area." No case law has ever held that a claim under the theory of a foreign State breach of contract claim or fraud is appropriate by the mere virtue of a defendant traveling through that state.

Diversity "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "In determining an individual's domicile, a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Id*. "Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id*.

Plaintiff's allegations confirm to have met Defendants through a website "power.dot.com" for carriers "seeking carriers interested in transporting loads of goods from Plaintiffs customer, Furmano Foods, whose facility is located in Northumberland, Pennsylvania, to a final destination in Brooklyn, New York." (ECF 16 ¶ 5). In plain words, the parties only bargained for business in Pennsylvania heading to Brooklyn. There is none of the *McCann* factors to tie Defendants in New Jersey.

### III. DEFENDANTS WERE NEVER SERVED AND SUPPLEMENTAL AFFIDAVITS CANNOT CURE THE STATUTORY AND PROCEDURAL REQUIREMENTS.

Plaintiff attempts to fix its defective service by attaching new and "amended return of service." (ECF 17 ps 12-18). Besides these decelerations have no date as to when they were declared as true, they do not cure the requirements of under N.Y. C.P.L.R. 308(b), which requires filing a proof of service within 20 days of substitute service. This requirement serves to tell the defendant as to when their time to answer starts; otherwise, a defendant would not know when the date of substitute service commenced. Thus, dismissal is appropriate for the failure to serve.

Next Plaintiff attaches an email, of Defendants' counsel who was hired just for the limited purpose of negotiating settlement before litigating, which states "it is our understanding that the Defendants were served with process on May 9, 2019-as such, the deadline for a responsive pleading under Fed. R. Civ. P. 12 is currently May 30, 2019." (ECF 17 p. 20). A plain review of FRCP 12(b) includes defenses of insufficient service. Nowhere in that email, did the settlement conference mention whether the defenses for services are waived. It is clear from FRCP 12 that a defendant is able to raise a defense for service unless waived. Here, the Defendants did not waive any defenses but made a good faith effort "with the intent that the parties may be able to reach a resolution in the interim

which would avoid any unnecessary costs." (ECF 17 p. 20). With no settlement at hand, the Plaintiff must now face the defenses Defendants present. The Court should therefore put Plaintiff out of its misery and simply dismiss the action in its entirety.

## CONCLUSION

**WHEREFORE** Defendants request that the Court enter an order granting the motion to dismiss to dismiss the complaint, and granting to Defendants such other and further relief including in the alternative transferring this case to the Federal Court in Brooklyn, NY, which is the United States District Court for the Eastern District of New York or to the Supreme Court of New York for Brooklyn.

Dated: Valley Stream, New York
      September 5, 2019

                                    Respectfully submitted,
                                    Law Offices of Lawrence Katz,

                                    /s/    Lawrence Katz
                                    By:   Lawrence Katz, Esq.,