UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EXPRESS FREIGHT SYSTEMS INC., | Civil Action No. |
| Plaintiff, | 19-12001 (SDW) (LDW) |
| v. | |
| YMB ENTERPRISES, INC., JOEL MENDLOVIC, JOHN DOES 1-10 and ABC CORPS. 1-10, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

## **LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is defendants' motion to dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (5), respectively. (ECF Nos. 15, 21). In the alternative, defendants seek a transfer of venue to the United States District Court for the Eastern District of New York ("EDNY"). Plaintiff opposes the motion. (ECF No. 18). The Honorable Susan Davis Wigenton, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. Having considered the parties' written submissions and oral argument, the undersigned recommends finding that personal jurisdiction is lacking over both defendants and transferring the action to the EDNY, where defendants concede there is personal jurisdiction.

## I.    BACKGROUND

Plaintiff Express Freight Systems Inc., a New Jersey corporation with its principal place of business in East Rutherford, New Jersey, is a freight broker. (Compl. ¶ 1, ECF No. 1). Defendant YMB Enterprises Inc. ("YMB"), a New York corporation with its principal place of business in Brooklyn, New York, is a trucking company. (*Id.* ¶ 2; *see also* ECF 15-4 ¶ 11).

Defendant Joel Mendlovic, a resident of Brooklyn, New York (ECF No. 15-4 ¶ 3), is allegedly YMB's sole shareholder. (Compl. ¶ 3). Plaintiff bases subject matter jurisdiction on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

The genesis of the parties' business relationship was plaintiff's online advertisement on an industry website in July 2018, which sought carriers to transport goods from plaintiff's customer Furmano Foods in Northumberland, Pennsylvania to Brooklyn, New York. (Weltman Cert. ¶ 5, ECF No. 16). Defendant YMB responded to the advertisement by telephoning plaintiff, allegedly "at [its] New Jersey office," and the parties shortly afterward entered into plaintiff's standard contract. (Id. ¶¶ 7-8). The contract provided for YMB to transport goods from various of plaintiff's customers and prohibited YMB from soliciting plaintiff's customers serviced under the agreement. (Id. ¶¶ 6, 8, Exh. A; ECF No. 15-2 ¶ 11).

According to plaintiff, YMB transported goods from Furmano's location in Pennsylvania to New York on nine occasions in 2018. (Weltman Cert. ¶ 9 & Exh. B, ECF No. 16). Plaintiff alleges that YMB then "stole" Furmano Foods as a customer, causing plaintiff to lose revenues in excess of $75,000. (Compl. ¶ 4). Plaintiff asserts claims for breach of contract, tortious interference with contract and prospective economic advantage, unfair competition, fraud, unjust enrichment and theft of trade secrets. (See Complaint).

## II. ANALYSIS

The Court addresses each of defendants' grounds for dismissal in turn, followed by an analysis of the request to transfer this action to the EDNY.

### A. Subject Matter Jurisdiction

Defendants first contend that diversity of citizenship jurisdiction is absent because the amount in controversy is below the required $75,000 minimum. The Court has diversity-of-

citizenship subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between plaintiffs and defendants. *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3rd Cir. 2009). Defendants acknowledge complete diversity between the parties but contend that plaintiff's damages, even if proven, could not exceed the $75,000 threshold.

The "general federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). Where a plaintiff's complaint does not expressly limit damages to a sum lower than $75,000, the action may be dismissed only if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Frederico v. Home Depot*, 507 F.3d 188, 194 (3rd Cir.2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Plaintiff asserts that defendants' conduct caused it to lose Furmano's business, which it avers had generated an average of $15,000 per month in sales for plaintiff since 2013. (Compl. ¶¶ 10, 28). As damages for breach of contract may include lost future revenues as a result of the breach, *Donovan v. Bachstadt*, 91 N.J. 434, 443-44 (1982), plaintiff, if successful on its claims, may recover damages based on $15,000 per month projected for months or even years into the future. Therefore, the undersigned cannot conclude to a legal certainty that plaintiff would not be able to recover damages exceeding $75,000 in this action and thus recommends that the motion to dismiss for lack of subject matter jurisdiction be denied.

### B. Personal Jurisdiction

Defendants next contend that personal jurisdiction over each of them is absent because they lack the requisite minimum contacts with New Jersey. Where, as here, the Court does not hold an evidentiary hearing, plaintiff is required to establish a prima facie case of personal jurisdiction.

3

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a prima facie standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011). As a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings," the court may consider sworn affidavits or other documents in its jurisdictional analysis. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). A plaintiff meets its burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Once the motion is made, however, and plaintiff's allegations are challenged by affidavits or other evidence, "plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citation omitted).

A federal court must conduct a two-step analysis to determine whether personal jurisdiction exists: first, it must consider whether the forum state's long-arm statute permits jurisdiction and second, it determines whether the exercise of personal jurisdiction over the defendant comports with due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long-arm statute permits exercising jurisdiction over nonresidents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)

(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)).

### 1. General Jurisdiction

Plaintiff first contends that there is general jurisdiction over each defendant. Such jurisdiction generally exists where an individual defendant is domiciled and where a corporation is fairly regarded as being at home. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). In all but "exceptional case[s]," a corporation is "essentially at home" and thus subject to general jurisdiction in its state of incorporation and its principal place of business. *Id.* at 139 n.19.

Plaintiff presents no basis for the Court to find that Mendlovic is subject to general jurisdiction in New Jersey, given that he is indisputably a New York citizen who was not served with process in New Jersey. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) ("For an individual, the main bases for general jurisdiction are the person's state of domicile or service of process on the individual in the forum state") (citing *Daimler*, 571 U.S. 117 at 136). Similarly, plaintiff has presented no proofs here that YMB's contacts are so extensive as to make this the exceptional case where an out-of-state defendant may fairly be deemed "at home" in New Jersey. Plaintiff cites only YMB's entering into a contract with a New Jersey plaintiff and providing related paperwork to plaintiff in New Jersey, as well as its assumption that YMB's trucks passed through New Jersey when transporting freight from Pennsylvania to New York. Such contacts fall far short of those required to establish general jurisdiction after *Daimler*. *See Campbell v. Fast Retailing USA, Inc.*, Civ. A. No. 14-6752, 2015 WL 9302847, at *3 (E.D. Pa. Dec. 22, 2015) (finding that after *Daimler* "[t]he allegation that an entity transacts business, even

substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania").

### 2. Specific Jurisdiction

The Court now turns to plaintiff's contention that there is specific jurisdiction over the defendants.[1] Such jurisdiction may exist when plaintiff's claim "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, the exercise of jurisdiction must otherwise comport with fair play and substantial justice. *O'Connor*, 496 F.3d at 317 (quotations omitted).

Plaintiff contends that there is specific jurisdiction over the New York defendants based on their purported breach of contract with it, a New Jersey entity, and based on their committing intentional torts that harmed it in New Jersey. The Court first addresses whether there is specific jurisdiction based on the alleged breach of contract by defendants.

In determining whether personal jurisdiction can be established in connection with a breach of contract claim, it is established that "a contract alone does not automatically establish sufficient minimum contacts in the other party's home forum[.]" *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

---

[1] The parties' briefing does not distinguish between the contacts of each defendant with the forum. As the Court finds that there is not personal jurisdiction over either of them even if it attributed all of the corporate defendant's contacts to the individual defendant, the lack of specificity in the parties' arguments does not affect the outcome of the motion.

6

478 (1985)); *see Spiderplow, Inc. v. Energy,* No. CV 16-2318 (JLL), 2016 WL 3869851, at *4 (D.N.J. July 14, 2016); *Wurth Adams Nut & Bolt Co. v. Seastrom Mfg. Co. Inc.*, No. CV. 14-03804 (WJM), 2015 WL 1530969, at *4 (D.N.J. Apr. 6, 2015). There must be additional contacts between the defendants and the forum of a sufficiently substantial nature to create personal jurisdiction. Informational communications between a resident and a nonresident in furtherance of a contract normally does not constitute the sort of purposeful activity necessary to create personal jurisdiction over a nonresident defendant. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (quoting *Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 32 (3d Cir. 1993)). In *Vetrotex*, the Third Circuit found that personal jurisdiction was absent where the nonresident defendants' contacts with the forum, in addition to its entering into two contracts with a resident plaintiff, were solely telephone calls and letters with the New Jersey plaintiff concerning the contract. *Id.* at 152. *Accord Team First Consulting, LLC v. Hangliter*, No. 07-311 (DRD), 2007 WL 1302440, at *6 (D.N.J. Apr. 27, 2007) ("Because nothing in the complaint indicates that anything other than communications related to the alleged contract were sent to and from New Jersey, the court finds that it does not have personal jurisdiction over Plaintiffs' contract claims"); *Siegmeister v. Benford*, No. CV 15-07099 (JAV), 2017 WL 2399573, at *3 (D.N.J. June 1, 2017) ("Defendants' only contacts with New Jersey were the MOU, correspondence, telephone calls, and emails. These contacts, without more, are insufficient to hale Defendants into court in New Jersey").

Here, plaintiff attempts to establish personal jurisdiction through defendants' response to an online advertisement placed by plaintiff on an industry website, defendants' subsequent entry into a contract with it, defendants' sending of paperwork to plaintiff needed to perform the contract (such as insurance information and a W-9 form), and defendants' presumably driving through the

State of New Jersey when transporting goods from Pennsylvania to Brooklyn, New York. (Weltman Cert. ¶¶ 7-9, ECF No. 16). The Court regards defendants' entry into a contract that plaintiff solicited through an online advertisement, together with defendants' sending of documentation needed to perform the contract, as insufficient to establish specific jurisdiction over a nonresident defendant under well-established precedent. *See Vetrotex*, 75 F.3d at 152; *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31–32 (3d Cir. 1993) (defendant's contract with a corporation in the forum state, along with post-contract telephone and facsimile contacts, were insufficient to support personal jurisdiction); *Siegmeister*, 2017 WL 2399573 at *3. The passage of defendants' trucks through New Jersey when transporting freight under the contract does not alter this conclusion. Such transient contacts incidental to performing a contract do not constitute activity purposefully directed at the forum. *See Burger King*, 471 U.S. at 479-80 (purposeful availment does not exist when the contacts are "random, fortuitous, or attenuated").

The Court next turns to plaintiff's attempt to establish personal jurisdiction under the "effects test" for intentional torts established in *Calder v. Jones*, 465 U.S. 783, 788-90 (1984). The "effects test" requires a plaintiff to demonstrate, *inter alia*, that the defendant expressly aimed its tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Id.* at 788-90.[2] Plaintiff's various tort claims are all based essentially on the theory that defendants wrongfully solicited its customer Furmano Foods, thereby depriving plaintiff of future profits from that customer. Jurisdiction under *Calder*, however, requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum. *IMO Indus.*,155 F.3d at 265; *Marten v. Godwin*, 499 F.3d 290, 299 (3d Cir. 2007) (the "effects test asks

---

[2] "Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements." *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).

whether the plaintiff felt the brunt of the harm in the forum state, but it also asks...whether they *aimed* their tortious conduct at that state"). Apart from defendants' alleged knowledge that plaintiff was located in New Jersey, there are no proofs or even assertions by plaintiff connecting the defendants' alleged tortious conduct to New Jersey. *See IMO Indus.*,155 F.3d at. at 265 ("Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself"); *Wolstenholme v. Bartels*, 511 F. App'x 215, 220 (3d Cir.2013) (plaintiff's residence in forum inconsequential because alleged scheme concerned transactions and companies outside of forum). According to plaintiff, defendants "stole" its Pennsylvania-based customer when they transported goods for the customer from Pennsylvania to New York. (Weltman Cert. ¶ 9 & Exh. B, ECF No. 16). Plaintiff's mere presence in New Jersey is insufficient to establish under *Calder* that tortious activity was "expressly aimed" at New Jersey where the alleged tortious activity occurred entirely out of state. *See IMO Indus.*, 155 F.3d at 268. Therefore, the *Calder* effects test is not satisfied.[3]

For the foregoing reasons, plaintiff has failed to establish personal jurisdiction over either New York defendant. It is respectfully recommended, however, that in lieu of dismissal for lack of personal jurisdiction, the action be transferred to the EDNY for the reasons set forth below.

### III.    Transfer Pursuant to 28 U.S.C. § 1631

Plaintiff requests that the Court transfer this action to the EDNY rather than dismiss it in the event the Court finds that it lacks personal jurisdiction over defendants. *See* ECF No. 26. Transfer under 28 U.S.C. § 1631 is warranted if (1) the action "could have been brought" in the transferee district and (2) transfer is in the interest of justice. *D'Jamoos v. Pilatus Aircraft Ltd.*,

---

[3] Having recommended that transfer be granted for lack of personal jurisdiction, the Court need not analyze whether the case should be dismissed based on purported defects in service of process under Fed. R. Civ. P. 12(b)(5).

9

566 F.3d 94, 109 (3d Cir. 2009). To satisfy the first prong, the transferee court must have (1) subject matter jurisdiction, (2) venue, and (3) personal jurisdiction. *See Am. Fin. Res., Inc. v. Smouse*, No. CV. 17-12019 (JMV) (MF), 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018). Here, the EDNY would have diversity-of-citizenship subject matter jurisdiction, venue would be proper[4], and defendants concede they are subject to personal jurisdiction there. The interest of justice supports transfer so that the action may continue expeditiously in a jurisdiction with personal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that defendants' motion to dismiss for lack of subject matter jurisdiction be **DENIED**, the motion to dismiss for failure to serve be **DENIED AS MOOT**, and the action be transferred to the EDNY based on lack of personal jurisdiction over defendants. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days to serve and file specific objections to this Report and Recommendation.

Dated:  December 18, 2019

*/s/ Leda D. Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:  Clerk of Court
cc:  Hon. Susan D. Wigenton, U.S.D.J.
     All parties

---

[4] 28 U.S.C. § 1391(b)(1) provides that venue is proper in "a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located." Both defendants are residents of Brooklyn, New York, which is within the EDNY.